UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID C. JONES, | No. 2:15-cv-02148-MCE |
| Appellant, | |
| v. | **MEMORANDUM AND ORDER** |
| WALLY CHEPLICK, | |
| Appellee. | |

Appellant David C. Jones (hereinafter "Jones") appeals the Bankruptcy Court's refusal to award him attorneys' fees after it otherwise found in his favor in an adversary proceeding initiated by Appellee Wally Cheplick (hereinafter "Cheplick"). For the reasons set forth below, the Bankruptcy Court's decision is AFFIRMED.

///
///
///
///
///
///
///
///

1

# BACKGROUND[1]

Jones initiated a Chapter 7 bankruptcy proceeding on March 13, 2014. A month earlier, Telecomm Engineering, Inc. (hereafter "Telecomm"), a corporation for which Jones was the majority shareholder and President, had also filed for Chapter 7 bankruptcy protection.

Cheplick was a creditor in the Telecomm bankruptcy proceeding regarding a lease he had entered with Telecomm. Telecomm had defaulted on its lease obligations, after which the parties proceeded to arbitration. Cheplick prevailed in the arbitration, resulting in an award ordering Telecomm to pay both increased rent prospectively and $55,695 plus 10% interest in back rent. Telecomm refused to pay either the increased rent or the back rent and forfeited the property, after which Cheplick effected a judgment as to the $55,695 in back rent due and declined to pursue any claims as to the future rental payments.

When Jones filed his own bankruptcy action, Cheplick then filed an adversary proceeding in that matter eventually pursuing fraud claims under both 11 U.S.C. §§ 523 and 747. According to Cheplick, Jones, acting as President of Telecomm, had fraudulently transferred all of Telecomm's assets to another entity to avoid paying creditors. Given that conduct, Cheplick asserted Jones should be precluded from discharging any debt related to the Telecomm judgment.

The Bankruptcy Court presided over a trial on the adversary proceeding and found insufficient evidence to support Cheplick's 11 U.S.C. §§ 523 and 727 fraud claims. The trial court issued the Findings of Facts and Conclusions of Law on the record and entered a final judgment in favor of Jones on July 15, 2015.

Jones subsequently moved for attorneys' fees as the prevailing party based on a fee provision in the lease between Cheplick and Telecomm. After a hearing on the

---

[1] Unless otherwise specified, the factual assertions in this section are derived from statements made in Jones' Opening Brief. ECF No. 7 at 2-5.

matter, the trial court denied Jones' Motion.  Presently before the Court is Jones' appeal from that decision.

## ANALYSIS

An appellant may petition the district court for review of a bankruptcy court's decision.  Fed. R. Bankr. P. 8013.  The applicable standard of review is identical to that which circuit courts of appeal apply when reviewing district court decisions.  See In re Baroff, 105 F.3d 439, 441 (9th Cir. 1997).  Accordingly, legal conclusions are reviewed de novo, and factual determinations are assessed pursuant to a clearly erroneous standard.  In re Bammer, 131 F.3d 788, 792 (9th Cir. 1997) (en banc).

The viability of Jones' appeal turns on a single issue:  whether the Bankruptcy Court erred in determining that Jones was not entitled to attorneys' fees because the adversary proceeding was not an action on a contract.  Under California law:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717.  "[A]n action is "on a contract" when a party seeks to enforce, or avoid enforcement of, the provisions of the contract."  In re Penrod, 802 F.3d 1084, 1088 (9th Cir. 2015).

According to the Bankruptcy Court in this case, "the adversary proceeding had virtually nothing to do with the lease; it had to do with whether the defendant, by his actions, wrongfully deprived the plaintiff of the ability to collect on his judgment against Telecomm."  AR 412.  "In the adversary proceeding, the plaintiff did not seek a determination of amount due under the lease, of the validity of the lease, as to the terms of the lease, as to whether the lease was breached, or anything else having to do with

3

1  the lease." Id. "The court did not make any findings or reach any conclusions about the
2  lease, and it is doubtful, in light of principles of preclusion, it would have had the power
3  to do so." Id. Given the Bankruptcy Court's conclusion that the adversary action was
4  not "on a contract," it thus followed that Jones was not entitled to attorney's fees
5  pursuant to California Civil Code § 1717(a).

6        This Court agrees for all of the reasons set forth by that court. Indeed, the
7  bankruptcy proceedings in this case had nothing to do with the lease and everything to
8  with Jones', who was not even a party to the original contract, alleged fraudulent
9  attempts to avoid a judgment.

10        Jones' reliance on In re Penrod, 802 F.3d 1084 (9th Cir. 2015), which was
11  decided after the bankruptcy court issued its decision, does not persuade the Court
12  otherwise. In that case, "[the debtor] proposed a Chapter 13 plan that bifurcated [the
13  creditor's] claim into a secured claim for $16,000 . . . and an unsecured claim for the
14  remaining $10,000." Id. at 1086. The creditor objected, claiming that a provision of the
15  bankruptcy law "carve[d] an exception to the usual rule governing how secured claims
16  are treated in bankruptcy," and that the full amount of the claim should be secured. Id.
17  The debtor ultimately prevailed and sought to recover her attorneys' fees. Id. at 1087.
18  The Ninth Circuit held that the bankruptcy proceedings constituted an "action on a
19  contract" because "[the creditor] sought to enforce the provisions of its contract with [the
20  debtor] when it objected to confirmation of her proposed Chapter 13 plan . . . . The only
21  possible source of that asserted right was the contract – in particular, the provision in
22  which [debtor] granted a security interest in the car[.]" Id. at 1088.

23        That case is distinguishable because the parties there were expressly litigating
24  their rights under a contract to determine the amounts of secured versus unsecured debt
25  for which the debtor would remain liable. The contract terms, albeit in relation to the
26  bankruptcy laws, were directly at issue. In this case, on the other hand, the only issue at
27  trial was whether Jones fraudulently transferred assets as an individual to avoid a
28  judgment against the corporation.

4

The other cases Jones relies upon are equally inapposite. In <u>Circle Star Center Associates, L.P. v. Liberate Technologies</u>, 147 Cal. App. 4th 1203, 1208-09 (2002), the court held that a lessor was contractually entitled to pursue attorney's fees it had incurred in securing the dismissal of the lessee's bankruptcy case, which restored the parties' preexisting rights and remedies under the lease. Dismissal of the bankruptcy case was thus necessary for the lessor to pursue its rights under the lease, and restoration of those rights, of course, included restoration of the prevailing party's right to fees. Here, on the other hand, the rights under the lease had already been adjudicated and the adversary action concerned tortious conduct having nothing to do with the underlying contract. <u>Chinese Yellow Pages Company v. Chinese Overseas Marketing Service Corporation</u>, 170 Cal. App. 4th 868, 882 (Cal. Ct. App. 2009), is likewise distinguishable. In that case the court determined a prevailing party could seek to recover fees incurred in trying to enforce a judgment in a bankruptcy proceeding. The difference between that case and this one, however, is that the contract containing the attorneys' fee provision in <u>Chinese Yellow Pages</u> was a <u>settlement</u> agreement, which was incorporated into the judgment itself. Seeking to enforce the judgment thus required interpretation and enforcement of the parties' agreement. Once again, then, that bankruptcy litigation directly concerned the parties' rights under a settlement agreement as opposed to the fraudulent attempts to avoid a judgment alleged here.

In sum, Jones has cited to no authority, nor has the Court found any, indicating that he is entitled to fees in this case. Accordingly, because the adversary action was not "on a contract," Jones has not shown he is entitled to recover fees, and the Bankruptcy Court's decision is AFFIRMED.[2]

///

///

///

---

[2] By the same preceding logic, Cheplick would also have been precluded from recovering fees. The fact that Cheplick included a prayer for attorneys' fees in his pleadings does not change this conclusion or constitute some sort of an admission binding on this Court that a fee award would be proper.

**CONCLUSION**

For the reasons stated above, the bankruptcy court's decision in this matter is hereby AFFIRMED.

IT IS SO ORDERED.

Dated:  September 22, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE